UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY FOX, et al.,
        Plaintiffs,

                              Case Number: 93-74615
                              Honorable Julian Abele Cook, Jr.

v.

MASSEY-FERGUSON INC., a division
of VARITY CORPORATION, a Delaware
corporation,
        Defendant.
_____

JOSEPH GOLDEN, et al.,
        Plaintiffs,

                              Case Number: 93-40530
                              Honorable Julian Abele Cook, Jr.

v.

LUCAS VARITY KELSEY HAYES,
a Delaware corporation and HAYES LEMMERZ
INTERNATIONAL, INC., a Delaware corporation,

        Defendants.
_____

ROBERT J. COLBY, et al.,
        Plaintiffs,

                              Case Number: 94-71698
                              Honorable Julian Abele Cook, Jr.

v.

MASSEY-FERGUSON INC., a division
of VARITY CORPORATION, a Delaware
corporation,
        Defendant.
_____

ORDER

These three cases arise from separate and distinct class-action lawsuits[1] wherein each of the petitioners have been identified as retirees, former employees and/or surviving spouses of the TRW Automotive controlled group ("TRW").[2] Rather than proceeding with litigation, the parties in each case entered into settlement agreements, all of which generally required TRW to provide health care benefits to the class members for life.

On December 18, 2009, the Court entered an order which vacated an earlier decision by a magistrate judge to allow TRW to change its medical benefits Administrator from Meritain Health Inc. to another company, Humana Inc. ("Humana"), for Medicare-eligible class members.[3] On December 28, 2009, TRW filed a motion in which it asked the Court to reconsider its earlier order.

I.

In its pending motion, TRW urges a reconsideration of the December 18th order because of the following erroneous conclusions which, if corrected, would change the outcome of the earlier analysis of the Court:

---

[1] According to the Defendants, "TRW Automotive [is a] controlled group of corporations [which] includes Lucas Varity Automotive Holding Company and Kelsey-Hayes Company." (Defendants' Response to Plaintiffs' Motion to Vacate Magistrate Judge's 12/30/08 Opinion and Order at page 1, fn1). The Lucas Varity Automotive Holding Company is the successor to the Massey-Ferguson corporation and Lucas Varity PLC for the purposes of the settlement agreements in *Colby v. Massey-Ferguson* and *Fox v. Massey-Ferguson. Id.* Moreover, the Kelsey-Hayes Company is the legal entity that is related to the Lucas Varity PLC for the purposes of the settlement agreement in *Golden v. Lucas Varity Kelsey Hayes. Id.* This Order uses the abbreviation "TRW" to refer to all of the named Defendants.

[2] In *Fox,* the Court entered an order which certified the class on May 31, 1995. In *Golden,* the class was certified on April 27, 1995. In *Colby,* the class was certified by the Court on May 23, 1995.

[3] This decision was issued by a magistrate judge on December 30, 2008 in each of the above-captioned cases.

(1) The failure of the Court to show any deference to the factual findings and legal conclusions in the December 30, 2008 order by the magistrate judge;

(2) The error by the Court in ruling that the magistrate's order created a material modification of the parties' settlement agreement; and

(3) The error by the Court in directing TRW not to make a change to Humana when TRW had already made those changes many months before its order was issued.

According to the Local Rules for the Eastern District of Michigan, an aggrieved party who seeks to obtain the reconsideration of an order must initially establish the existence of "a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled." E.D.Mich. LR 7.1(h)(3). Thereafter, the moving party must demonstrate that a correction of "the defect will result in a different disposition of the case." *Id.* This Local Rule also provides that "motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication" will not be granted. *Id.*

II.

As to the first point, TRW directs the attention of the Court to the express agreement by the parties that the decision of the magistrate judge would be "final and binding." *Fox Agreement*, § 18.4 at 31; *Golden Agreement*, § 17.4 at 29; *Colby Agreement*, § 20.4 at 32. TRW notes that many courts routinely enforce the finality of such agreements without allowing either party to appeal. TRW also contends that even if the settlement agreements had reserved a right to appeal, such a review by the Court would be confined to the exceptionally narrow standard applicable to arbitration awards.[4] The

---

[4] In TRW's opinion, the underlying decision could be disturbed only upon a showing that the magistrate judge had engaged in a "procedural aberration" by (1) resolving a dispute that had not been committed to it by the parties, (2) committing fraud, maintaining a conflict of interest, or otherwise acting dishonestly in its decision-making or (3) construing or applying the contract in resolving factual or legal disputes.

Court rejects TRW's analysis on this issue for two reasons.

First, the Court is not persuaded by TRW's argument that arbitration standards must govern its review. In each of the cases upon which TRW relies in support of this proposition, the parties had entered into settlement agreements which not only deferred certain disputed matters to a court for a final and/or binding decision, but also expressly indicated that the parties would waive all rights of appeal. *See, e.g. In re Lybarger,* 793 F.2d 136, 138 (6th Cir. 1986) (observing that waiver clause indicated that "[t]he decision of the [District] Court shall be final and the parties waive all rights of appeal and further review of or relief from the Court's Order regarding same."); *Brown v. Gillette,* 723 F.2d 192, 193 (1st Cir. 1983) (finding parties to be bound by waiver which stated that "[t]he parties agree that the determinations of the [district] Court on such claims shall be final and binding and hereby waive any and all rights of appeal with respect to such determinations."); *Mission I-Tech Hockey Ltd. v. Oakley, Inc.*, 394 F. Supp. 2d 1270, 1271 (S.D. Cal. 2005) (parties agreed that the magistrate judge would have jurisdiction to decide "all disputes arising out of the terms of the Settlement Agreement once completed and that any decision by the undersigned shall be FINAL AND BINDING WITH NO APPEAL....") (emphasis in original); *Cutner & Associates, P.C. v. Kanbar*, No. 97-1902, 1998 WL 104612, *1, fn1 (S.D.N.Y. 1998) (in this case involving a fee dispute, "the parties have agreed to be bound by the ruling of this Court and have therefore waived all of their appellate rights"; the court also specifically noted that the parties had waived their appellate rights on the record).

By contrast, no specific waiver of the parties' appellate rights exists in the settlement agreements here. To the contrary, each settlement agreement contained language that committed the disputes to the magistrate judge for a final binding decision, but with the added caveat that "the

4

Magistrate . . . will not have the authority to modify or amend this Settlement Agreement . . ." *Fox Agreement*, § 18.4 at 31; *Golden Agreement*, § 17.4 at 28-29; *Colby Agreement*, § 20.4 at 32. As noted in its December 18, 2009 order, the Court interprets this language to mean that the contested ruling by the magistrate judge would be upheld as "final and binding" *unless* it modifies or amends the terms of the parties' agreements, in which case further judicial enforcement would be appropriate.

Furthermore, the Court notes that TRW briefed this issue exhaustively in its initial response to the Plaintiffs' motion to vacate the December 30, 2008 order of the magistrate judge. Upon examining the thrust of its current argument, it is clear that TRW has merely reasserted the same positions that have been previously addressed by the Court. Thus, the Court concludes that it has failed to meet the reconsideration standards set forth in E.D.Mich. L.R. 7.1(h)(3). As such, TRW's motion for reconsideration must be denied.

Second, assuming *arguendo* that the Court showed "no apparent deference" to the interpretations of the settlement agreement rendered by the magistrate judge, TRW would still not prevail. In reaching this conclusion, the Court is satisfied that it would arrive at the same result as in the December 18, 2009 order even under a stringent abuse of discretion standard.[5] According to the Court of Appeals for the Sixth Circuit, an abuse of discretion occurs whenever the reviewing court is left with "a definite and firm conviction that the court below committed a clear error of judgment." *In re Wingerter*, 594 F.3d 931,936 (6th Cir. 2010) (noting that if reasonable persons could differ as to the issue, then there is no abuse of discretion.). In the view of the Court, reasonable

---

[5]TRW's repeated reference to arbitration cases for the appropriate standard of review is of no moment to the analysis here. This is not an arbitration case, and TRW has made no persuasive argument that this case shares any of the well-established policy concerns that apply to labor arbitration matters.

parties would agree that it would be improper to force a member of the retiree class to enroll in Medicare Part C as a precondition to the receipt of continued settlement benefits, especially where TRW, in essence, covenanted to provide fully-paid health care benefits to the Plaintiffs for life.[6] Moreover, the Court believes that reasonable minds would not differ about the impropriety of allowing a magistrate judge to materially modify the terms of a negotiated settlement agreement without adhering to the procedures outlined therein for amending the agreement. Thus, inasmuch as it is apparent that correcting the alleged defect in the challenged order would not change the ultimate outcome of the December 18, 2009 order, TRW has not proven that it is entitled to relief under E.D.Mich. L.R. 7.1(h)(3).

III.

TRW also contends that the December 18, 2009 decision nullifies and modifies the parties' settlement agreements by ignoring language which allows it to change the administrators of its health care benefits. However, in rendering its order, the Court acknowledged that TRW had the authority to change the entity who was responsible for administering health care benefits to the Plaintiffs if it complied with certain procedures. (Order of December 18, 2009 at 2). It appears that TRW simply disagrees with the conclusion of the Court that its proposed switch to Humana would modify the settlement agreements by forcing Medicare recipients to enroll in Medicare Part C as a precondition to receiving continued settlement benefits. Inasmuch as the gist of TRW's argument appears to be that the Court should have given a greater degree of deference to the findings of the magistrate judge,

---

[6]As noted in the December 18, 2009 order, the settlement agreements among the parties require TRW to provide fully-paid healthcare benefits to class members "for the Duration of Coverage," which can be generally defined as being applicable during the life of the retiree, the retiree's surviving spouse, or the period of disability for the disabled employee. *See Fox Agreement,* § 1.14 at 10; *Golden Agreement,* § 1.15 at 12; *Colby Agreement,* § 1.15 at 8.

this reasoning is rejected for the reasons that have been stated above, and its motion for reconsideration on this basis is denied.

IV.

TRW's third and final argument is that the switch to Humana has already occurred and has been in place for many months. In this regard, TRW characterizes the directive by the Court that it must not make the change to Humana as "confusing and unclear." After a careful review of the relevant language in the December 18, 2009 order, the Court disagrees with this contention. In its order, the Court stated in straightforward terms that "TRW is prohibited from switching the Medicare-eligible class members to Humana as a 'Private-Fee-for-Service' plan unless and until it obtains the written consent of the class representatives which is subsequently approved by the Court." (Order of December 18, 2009 at 10). The Court, in finding no ambiguity in these words inasmuch as the nature of the proscribed conduct was stated without qualification, outlined the steps that TRW must take if it wished to switch to Humana without violating the settlement agreements. The Court believes this language is sufficiently clear and does not warrant any further interpretation. Hence, TRW's motion for reconsideration of the December 18, 2009 order on this basis must be denied.

V.

Therefore and for the reasons that have been stated above, the Plaintiffs' request for an expedited decision on TRW's motion for reconsideration is granted. Furthermore, TRW's motion for reconsideration of the order of December 18, 2009 must be, and is denied.

IT IS SO ORDERED.

Dated: July 16, 2010                         S/Julian Abele Cook, Jr.
    Detroit, Michigan                       JULIAN ABELE COOK, JR.
                                                      United States District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on July 16, 2010.

                                                                      s/ Kay Doaks  
                                                                      Case Manager